Dear Governor Teasdale:
This is in response to your request for an opinion from this office concerning the authority of the governor to issue partial pardons, the recipient of which pardon would be restored to all rights of citizenship which were forfeited as a result of his conviction except that he would still be subject to the punishment provisions of Section 556.280, commonly known as the Second Offender Act.
The governor's power to pardon is derived from Article IV, § 7, Constitution of Missouri, which reads in pertinent part as follows:
 "The governor shall have power to grant reprieves, commutations and pardons, after conviction, for all offenses except treason and cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to provisions of law as to the manner of applying for pardons."
Initially, one must differentiate between the various types of pardons because the courts often neglect to note any distinctions:
 ". . . There are several kinds of pardons; thus a pardon may be full or partial, absolute or conditional. A pardon is full when it freely and unconditionally absolves the person from all the legal consequences of his crime and of his conviction, direct and collateral, including the punishment, whether of imprisonment, pecuniary penalty, or whatever else the law has provided; it is partial where it remits only a portion of the punishment or absolve from only a portion of the legal consequences of the crime. A pardon is absolute where it frees the criminal without any condition whatever; and it is conditional where it does not become operative until the grantee has performed some specified act, or where it becomes void when some specified event transpires." 67 C.J.S. Pardons, § 1 (1950).
And, it was held by the United States Supreme Court inEx parte Wells, 59 U.S. (18 How.) 308, 15 L.Ed. 421, 423 (1855) that:
 ". . . Time out of mind, in the earliest books of the English law, every pardon has its particular denomination. They are general, special or particular, conditional or absolute, statutory, not necessary in some cases, and in some grantable of course. . . ."
Clearly, Article IV, § 7, allows a governor to freely place limitations or restrictions upon any pardon he decides to grant, provided these conditions are not "illegal, immoral, or impossible of performance. . . ." Ex parte Webbe,322 Mo. 859, 30 S.W.2d 612, 615 (Mo.Banc 1929). The governor has the exclusive power to pardon and this power may not in any way be limited by the judicial or legislative branches of government.Ex parte Thornberry, 300 Mo. 661, 254 S.W. 1087, 1090
(Mo. Banc 1923); Lime v. Blagg, 131 S.W.2d 583, 586 (Mo. Banc 1939).
It should be noted that neither Missouri case law nor Missouri statutory law contain the term "partial pardon." However, the broad language of Article IV, § 7, indicates that the governor may limit a pardon.
Section 556.280, RSMo 1969, provides in pertinent part:
 "If any person convicted of any offense punishable by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor, and is charged with having thereafter committed a felony, he shall be tried and if convicted punished as follows:
 "(1) If the subsequent offense be such that, upon a first conviction, the offender could be punished by imprisonment in the penitentiary, then the person shall receive such punishment provided by law for the subsequent offense as the trial judge determines after the person has been convicted.
 "(2) Evidence of the prior conviction, sentence and subsequent imprisonment or fine, parole, or probation shall be heard and determined by the trial judge, out of the hearing of the jury prior to the submission of the case to the jury, and the court shall enter its findings thereon. If the finding is against the prior conviction, sentence and subsequent imprisonment or fine, parole or probation, then the jury shall determine guilt and punishment as in other cases."
The holdings in State v. Asher, 246 S.W. 911 (Mo. 1922);State ex rel. Stewart v. Blair, 203 S.W.2d 716 (Mo. Banc 1947); and State v. Durham, 418 S.W.2d 23 (Mo. 1967), stood for the proposition that if a defendant is pardoned after conviction, he remained subject to punishment as an habitual criminal if he later committed a criminal offense. However, the Missouri Supreme Court in Guastello v. Department of Liquor Control,536 S.W.2d 21, 25 (Mo. Banc 1976), specifically ruled that the holdings in Asher, Blair and Durham should no longer be followed to the extent they conflict with the opinion inGuastello. In Guastello, the court stated, "It would seem apparent that if a defendant is pardoned after conviction and, . . . that conviction is thereby obliterated, such `obliterated conviction' could not be used as the basis for subjecting defendant to the Habitual Criminal Act if he later committed a criminal offense." Guastello v. Department of Liquor Control,supra, at 23-25.
Regardless of the rather sweeping language concerning an "obliterated conviction," a careful reading of Guastello
reveals that the court was considering the effects of a full pardon while making no mention of the partial pardon on sentencing of an habitual offender. The court merely defined the effect of a full pardon, and in no way limited the governor's ability either to conditionally or partially pardon an offender.
Any partial pardon should state that it is a partial pardon and clearly define its scope. We do not, in this opinion, pass upon the propriety of any particular form of pardon to be used. However, we will provide legal assistance to your office for such drafting.
CONCLUSION
It is the opinion of this office that the Governor of the State of Missouri may partially pardon an offender so that the recipient will remain subject to the second offender provisions contained in Section 556.280, RSMo.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Carson Elliff.
Very truly yours,
 JOHN ASHCROFT Attorney General